# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ADDIE ZOLICOFFER | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 11 C 6362 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO | ) | Judge John J. Tharp, Jr. |
| POLICE OFFICERS D. STRICKLAND | ) | |
| Star #6690 and N. RIVERA Star #12867, | ) | |
| and UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Addie Zolicoffer brought a federal § 1983 claim for false arrest and a state law claim for malicious prosecution against the City of Chicago and Chicago police officers Strickland and Rivera, alleging that, without probable cause, the defendant officers arrested her and charged her with false personation of a public officer or employee.[1] The defendants moved for summary judgment, arguing that they had probable cause to arrest and prosecute Zolicoffer as a matter of law. On March 20, 2013, this Court granted the defendants' motion for summary judgment on all counts with prejudice. Zolicoffer thereafter moved for reconsideration as to her malicious prosecution claim, arguing that although the defendants had probable cause to arrest her, they did not have probable cause to charge her with falsely telling Officer Strickland that she was a federal agent or employee. Upon further consideration of Zolicoffer's arguments and the

---

[1] Zolicoffer also brought claims for indemnification and *respondeat superior* against the City of Chicago which were dependent on her false arrest and malicious prosecution claims.

defendants' response, the Court grants the motion for reconsideration and reinstates the state law malicious prosecution claim.[2]

## BACKGROUND[3]

The Court assumes familiarity with its March 20, 2013 summary judgment order, but it will briefly recount the facts relevant to this motion. Plaintiff Zolicoffer was at all relevant times an employee of Ada S. McKinley, a private non-profit corporation, where she served as a supervisor of the janitorial staff at the Dirksen Federal Courthouse in Chicago. Though she worked in a federal building, she was not a federal employee. On the afternoon of September 15, 2010, Zolicoffer witnessed an incident taking place between a young man and two Chicago police officers (not Officers Strickland or Rivera) on a public street in Chicago. After hearing the young man complain that the police officers were hurting him, she took photographs of what she was observing. Soon afterwards, Earnest Mayfield, a security guard working at a nearby grocery store, approached Zolicoffer and told her (incorrectly) that it was against the law to photograph the police. Zolicoffer responded that she worked in the federal courthouse and she knew that she

---

[2] Because her malicious prosecution claim is reinstated, Zolicoffer's indemnification and *respondeat superior* claims are also reinstated. The Court previously granted summary judgment to the City on those counts solely because it had granted summary judgment to the defendant officers on both the false arrest and wrongful prosecution claims. Based on dismissal of the false arrest claim, a federal claim brought under 28 U.S.C. § 1983, the Court has discretion to decline to exercise supplemental jurisdiction over Zolicoffer's reinstated state law claims. Because those claims have already been the subject of substantial litigation in this Court, however, the Court deems it appropriate to retain jurisdiction over those claims upon reinstatement. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("Another occasion for retaining state-law claims occurs when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort.") (internal quotation marks omitted).

[3] For the purposes of summary judgment and reconsideration of the Court's prior summary judgment order, all disputed facts are resolved in the light most favorable to Zolicoffer, and all reasonable inferences are made in her favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

was not doing anything illegal. She then ended her conversation with Mayfield and crossed the street to a bus stop.

Mayfield flagged down Chicago police officers Strickland and Rivera, who happened to be driving past on routine patrol. After the officers pulled over, Mayfield told them that Zolicoffer had been taking pictures of the police, that she claimed to be a federal agent, and that she refused to show him any identification.[4] The officers then approached Zolicoffer at the bus stop, and accused her of telling Mayfield that she was a federal agent. According to Zolicoffer, she denied saying that to Mayfield, and she told the officers that she worked for Ada S. McKinley in the federal courthouse. Officers Strickland and Rivera, however, assert that Zolicoffer told them that she was in fact a federal agent or employee. The officers thereafter arrested Zolicoffer, placed her in handcuffs, and drove her to a police station to continue their investigation. After the officers verified that Zolicoffer worked for Ada S. McKinley, they filed a misdemeanor complaint charging her with "false personation of a public officer/employee in that she did knowingly and falsely represent to [police officer] Strickland that the defendant was a public officer/employee of the federal government." Dkt. 49-1.

The Court granted the defendants' motion for summary judgment on the false arrest claim, finding that Officers Strickland and Rivera had probable cause to arrest Zolicoffer for false personation of a public employee based on Mayfield's report that she had claimed to be a public employee and Zolicoffer's subsequent admission that she was not a public employee. The Court also granted the defendants summary judgment on Zolicoffer's malicious prosecution claim, finding that the defendants had probable cause to charge Zolicoffer with false personation

---

[4] Though Zolicoffer denies telling Mayfield that she was a federal agent, she does not deny that Mayfield told the officers that she made that statement.

based on those same facts. In her motion for reconsideration, Zolicoffer argues that the Court erred in its malicious prosecution analysis: although the defendants had probable cause to arrest Zolicoffer for false personation because of Mayfield's statements to the officers, they did not have probable cause to charge her with falsely representing herself to be a public employee "to [police officer] Strickland."

## DISCUSSION

Zolicoffer argues that she was charged with making a false representation specifically to Officer Strickland. That the defendants had probable cause to arrest her for making a false statement to Mayfield, she argues, does not mean that they had probable cause to charge her with making a false representation to Officer Strickland. Zolicoffer relies heavily on *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673 (7th Cir. 2007), in which the Seventh Circuit reversed an order granting summary judgment to a police officer on an Illinois state malicious prosecution claim. In *Holmes*, the Seventh Circuit held that although a police officer receives information sufficient to establish probable cause to charge an individual with one offense, a malicious prosecution claim may nonetheless succeed as to other offenses with which the individual is charged. *Id.* at 685.

Because Zolicoffer denies telling Officer Strickland that she was a federal agent, she claims that that there is a disputed question of material fact as to whether the defendants had probable cause to charge her as they did. The defendants argue that Zolicoffer waived this argument by failing to present it in response to their motion for summary judgment, and that the argument lacks merit in any event.

## I. Zolicoffer Did Not Waive Her Probable Cause Argument.

According to the defendants, Zolicoffer's motion for reconsideration rests entirely upon a newly presented legal argument that she did not raise in opposition to the motion for summary judgment. The defendants point out that Zolicoffer did not cite to *Holmes* in her summary judgment response, and that she also did not explain that the misdemeanor complaint specifically alleged that Zolicoffer made a false personation directly to Officer Strickland. The defendants maintain that "an argument raised for the first time in a Rule 59(e) motion is waived," and that Zolicoffer could have and should have addressed the argument earlier. *Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006).

Zolicoffer responds first by pointing to her response to the defendants' Rule 56.1 statement of uncontested facts, in which she cited to the misdemeanor complaint and stated that she was charged with the crime of "represent[ing] herself to Defendant Strickland as a public officer/federal employee." Rule 56.1 Resp. (Dkt. 37) ¶ 60. Zolicoffer also notes that she affirmatively attached the misdemeanor complaint to her own Rule 56.1 statement of uncontested facts. Stmt. of Facts (Dkt. 38) ¶ 32. She admits that she did not cite to *Holmes* in her summary judgment opposition brief, and that she did not explicitly argue at that time that the defendants lacked probable cause for the charges they brought even if they would have had probable cause to charge her with falsely representing herself as a federal employee to Mayfield. But, she claims, the defendants' summary judgment motion did not raise the issue of whether summary judgment should be granted on the malicious prosecution claim because the officers had probable cause to arrest her because of *Mayfield's* statement. On summary judgment, the defendants argued that they had probable cause to charge Zolicoffer with false personation because she told them that she was a federal agent. Stmt. of Facts (Dkt. 32) ¶ 23; MSJ Br. (Dkt.

5

31) at 9, 13. Zolicoffer responded by denying that she told the officers that she was a public employee, and arguing that there was a disputed question of fact as to whether she had done so. Rule 56.1 Resp. (Dkt. 37) ¶ 23; Resp. Br. (Dkt. 36) at 7-8.

Zolicoffer persuasively explains why her argument is not waived. She has maintained throughout this litigation that she did not tell the defendants that she was a government agent or employee, and that therefore a question of disputed fact exists as to the malicious prosecution claim. The defendants did not specifically argue on summary judgment that their probable cause for charging Zolicoffer with false personation arose from Zolicoffer's statements to Mayfield. If they had done so, then perhaps Zolicoffer might have been required to bring *Holmes* to the Court's attention at that time. But since the defendants did not so argue, it is understandable that Zolicoffer did not anticipate that the Court would dismiss her malicious prosecution claim on grounds that the defendants had probable cause to believe that she falsely represented herself to Mayfield. Zolicoffer did not waive her argument by failing to raise it on summary judgment.

## II. Disputed Issues of Material Fact Remain as to Zolicoffer's Malicious Prosecution Claim.

*Holmes* teaches that a malicious prosecution claim survives summary judgment if defendant police officers do not have probable cause to support the specific charge that they file. As will be seen, there is a fact dispute as to whether the defendants had probable cause to charge Zolicoffer with the specific incident described in the misdemeanor complaint.

Illinois law applies to Zolicoffer's malicious prosecution claim. *Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011). "In a malicious-prosecution case, probable cause is defined as a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense

charged." *Gauger v. Hendle*, 2011 IL App (2d) 100316 ¶ 112, 954 N.E.2d 307, 329-30 (2d Dist. 2011) (emphasis and quotation marks omitted).

The facts that the parties admitted on summary judgment establish that Mayfield told Officers Strickland and Rivera that Zolicoffer claimed to be a federal agent or employee, and that Zolicoffer admitted to the officers that she was not a federal agent or employee. The defendants, then, had probable cause to arrest and charge Zolicoffer with falsely telling Mayfield that she was a federal agent or employee. But that is not the crime for which she was charged. Rather, they specifically charged her with "falsely represent[ing] to [police officer] Strickland that [she] was a public officer/employee of the federal government." Dkt. 49-1. And the parties dispute whether Zolicoffer ever told Officer Strickland that she was a federal agent or employee.

In *Holmes*, the Seventh Circuit held that in the malicious prosecution context courts should consider whether there was probable cause for the specific charges for which the plaintiff was prosecuted. 511 F.3d at 684. In that case, the defendant police officer arrived at the scene to provide backup in an investigation, at which time the parties agreed that a fellow police officer told him that the plaintiff (who was suspected of robbery at the time) had hit him. *Id.* at 676. The defendant officer thereafter arrested the plaintiff, and charged him with two counts of battery: battery on the first police officer *and* battery on himself. *Id.* at 682. The Seventh Circuit held that the defendant officer was entitled to rely on the other police officer's statement that the plaintiff had hit him, and therefore he had probable cause to charge the plaintiff with battering that officer. *Id.* at 681-82. But the defendant officer *also* filed criminal charges claiming that he had himself been battered by the plaintiff, and the plaintiff denied that he had struck the defendant officer. *Id.* at 676-77. The Seventh Circuit stated that "probable cause to believe an individual committed one crime . . . does not foreclose a malicious prosecution claim for additionally

7

prosecuting the individual on a separate charge." *Id.* at 682. Therefore, the Seventh Circuit held, the plaintiff's malicious prosecution claims should have survived summary judgment. *Id.* at 685.[5]

The defendants argue that *Holmes* is distinguishable because there the criminal defendant was charged with two separate counts of battery, but Zolicoffer was only charged with one count of false personation. They cite to *Holmes*'s language stating that "the number and nature of the charges matters," 511 F.3d at 682, and argue that Zolicoffer faced only "one charge and one misdemeanor complaint based upon that charge." Opp. to Mot. for Reconsideration (Dkt. 52) at 9. In effect, the defendants argue that they had probable cause to charge Zolicoffer with false personation, that the charge on the misdemeanor complaint was false personation, so therefore they must have had probable cause to charge Zolicoffer with the crime listed on the misdemeanor complaint.

The Court cannot credit that argument, which ignores the relevance of the facts on which charges are based. As in *Holmes*, Zolicoffer's allegedly criminal actions took place at different times and were directed towards different people, the first potential crime being the representation to Mayfield, the second being the alleged representation to the police officers. A single charge comprising both alleged crimes would likely have been duplicitous, *United States*

---

[5] *Santiago v. Fenton*, 891 F.2d 373 (1st Cir. 1989) also supports Zolicoffer's argument. In *Santiago*, a teenager accidentally hit an unmarked police car with a snowball. *Id.* at 377. The police officer in the car stopped the teenager, and according to the police officer, the teenager pushed the officer and used abusive language. *Id.* The teenager, however, denied pushing the police officer or using abusive language. *Id.* The officer charged the teenager with disorderly conduct, specifically alleging that he had pushed him and used abusive language. *Id.* at 377, 387. The teenager brought a malicious prosecution claim against the police officer, and during trial, the district court granted a directed verdict to the police officer on the grounds that he had probable cause to charge the teenager with disorderly conduct because no one disputed that the teenager threw the snowball, and that action constituted disorderly conduct. *Id.* at 387. The First Circuit reversed, however, because the criminal complaint "allege[d] the crime of disorderly conduct based on [the teenager']s behavior with the police officer[]," not that the teenager threw a snowball. *Id.* at 388. Because the teenager disputed the police officer's account of his behavior, "the jury could have found that the charge against him was initiated without probable cause." *Id.*

*v. Vallone,* 698 F.3d 416, 461 (7th Cir. 2012) (a duplicitous indictment is one "that joins two or more distinct crimes in a single count"), and that would be reason enough to reject the defendants' premise. But there is no need to even consider that problem here because the charge against Zolicoffer plainly encompassed only one instance of false personation, not two: the complaint filed by the police did not charge Zolicoffer for falsely stating to Mayfield that she was a federal employee, but rather expressly alleged that she had falsely represented herself to be a federal employee to Officer Strickland. In light of the charging language in the complaint, there is simply no basis for the defendants to argue that Zolicoffer was charged with making any other false representation. And as to the claim that Zolicoffer misrepresented herself as a federal employee to Officer Strickland, there is a material factual dispute. Officer Strickland signed a sworn misdemeanor complaint alleging that Zolicoffer *did* make such a statement, but accepting the facts in the light most favorable to Zolicoffer, who denies doing so, the Court must conclude for purposes of the summary judgment motion that Zolicoffer never told Officer Strickland that she was a federal agent or employee.

The Court granted summary judgment to the defendants because they had, as a matter of law, probable cause to arrest Zolicoffer for false personation on the basis of her alleged statement to Mayfield that she was a federal employee. And they could have prosecuted her on that basis had they chosen to do so. But they did not, and a malicious prosecution claim cannot be defeated by an argument that the plaintiff could have been prosecuted for a different crime in any event. As the Seventh Circuit confirmed in *Holmes,* malicious prosecution is different than false arrest in this respect because "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim," but "probable cause as to one charge will not bar a malicious

9

prosecution claim based on a second, distinct charge as to which probable cause was lacking." *Holmes*, 511 F.3d at 682.

## III. Disputed Issues of Material Fact Remain as to the Other Elements of Malicious Prosecution.

The defendants also argue that, even if the Court reconsiders its prior opinion as to the malicious prosecution claim, they are still entitled to summary judgment because Zolicoffer cannot show that they acted with malice or that the false personation criminal proceedings were terminated in her favor. However, resolving all disputed questions of material fact in favor of Zolicoffer, a reasonable jury could find for her on both issues. Malice may be inferred from the absence of probable cause. *See Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011). Therefore, if Zolicoffer can persuade a jury that the defendants lacked probable cause, she may also be able to persuade the jury that the defendants acted with malice. And a reasonable jury could also find that the criminal proceedings were terminated in Zolicoffer's favor. The state's attorney chose to strike the criminal charge with leave to reinstate, and other courts have held that charges terminated in this manner may indicate innocence. *See Garcia v. City of Chicago*, No. 09 C 5598, 2012 WL 601844, *10 (N.D. Ill. Feb. 23, 2012) ("Where, as here, a charge is terminated following an SOL, innocence may be indicated.").

\*   \*   \*

For the reasons set forth above, Zolicoffer's motion for reconsideration is granted, and her malicious prosecution, indemnification, and *respondeat superior* claims are reinstated. The Court erred in its previous order by failing to differentiate between the specific offense for which the defendants had probable cause and the specific offense with which Zolicoffer was actually charged. Because there is a question of fact as to whether the defendants had probable cause to charge Zolicoffer with falsely telling Officer Strickland that she was a federal agent or employee,

summary judgment should not have been granted on Counts II, III, and IV of Zolicoffer's complaint. Therefore, Zolicoffer may proceed on those counts.

Entered: June 11, 2013

John J. Tharp, Jr.
United States District Judge